# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 01, 2014

## KRISTI KIMBRO v. BRENDA JONES, WARDEN

**Direct Appeal from the Criminal Court for Shelby County**
**No. P38908     Glenn Wright, Judge**

---

**No. W2013-02323-CCA-R3-HC  - Filed April 16, 2014**

---

The petitioner, Kristi Kimbro, pled guilty to second degree murder and was sentenced to thirty-seven years in the Tennessee Department of Correction.  Subsequently, she filed a petition for writ of habeas corpus, alleging that her sentence was void.  The habeas corpus court denied the petition, and the petitioner now appeals.  Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Kristi Kimbro, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The petitioner was originally indicted for first degree premeditated murder, felony murder, and robbery.  Kristi Kimbro v. State, No. M2006-00554-CCA-R3-PC, 2007 WL 1836843, at *1 (Tenn. Crim. App. at Nashville, June 27, 2007).  She pled guilty to second degree murder, a lesser-included offense of first degree premeditated murder, in exchange for the dismissal of the remaining charges.  Id.  The plea agreement provided that the petitioner would receive a Range II sentence of thirty-seven years.  Id.  The judgment of conviction reflected that the petitioner was a violent offender who was required to serve one

hundred percent of her sentence in confinement.

Thereafter, the petitioner filed a petition for post-conviction relief, alleging that her trial counsel was ineffective and that her guilty plea was not knowingly and voluntarily entered. The post-conviction court denied the petition, and, on appeal, this court affirmed the denial. Id.

Subsequently, on June 20, 2013, the petitioner filed a petition for habeas corpus relief. She alleged that she was a Range I, standard offender who was convicted of a Class A felony; that she was therefore subject to a sentence between fifteen and twenty-five years; that her thirty-seven-year sentence was outside the limits established for a Range I offender; and that her sentence was thereby illegal and void. See Tenn. Code Ann. §§ 39-13-210(c); 40-35-112(a)(1). The habeas corpus court summarily denied the petition, finding that "the allegations, as laid out in the petition, do not demonstrate sufficient grounds for relief under T.C.A. § 29-21-101, or under any applicable case law." On appeal, the petitioner challenges this ruling.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

The petitioner asserts that the trial court did not have jurisdiction to impose a sentence

outside the fifteen to twenty-five-year range established for Range I offenders. However, our supreme court has held that "a plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." Hoover v. State, 215 S.W.3d 776, 779 (Tenn. 2007). Moreover, offender classifications "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002). Accordingly, even though the petitioner qualified as a Range I offender, the trial court could sentence the petitioner as a Range II, multiple offender pursuant to a plea agreement as long as the plea was knowing and voluntary. See Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997). The thirty-seven-year sentence for second degree murder the petitioner agreed to and ultimately received did not exceed the maximum punishment statutorily authorized for that offense; therefore, the sentence is not illegal. See Tenn. Code Ann. § 40-35-111(b)(1) (providing that the sentence range for a Class A felony is no less than fifteen years and no more than sixty years). We conclude that the habeas corpus court did not err by summarily denying the petition for writ of habeas corpus.

### III.  Conclusion

In sum, we conclude that the petitioner was not entitled to habeas corpus relief. The judgment of the habeas corpus court is affirmed.

_____
NORMA McGEE OGLE, JUDGE